UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRED LEE DAVENPORT,

      Plaintiff,

v.                 Case No. 23-cv-1694-pp

LAURA C. SUKOWATY, *et al.*,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

  Plaintiff Fred Lee Davenport, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The plaintiff also filed a motion for preliminary injunction. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens the plaintiff's amended complaint, dkt. no. 8, and directs the defendants to respond to the plaintiff's motion for preliminary injunction, dkt. no. 7.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

1

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 4, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $2.66. Dkt. No. 6. The court received that fee on January 23, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.  Screening the Complaint**

A.  Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Laura C. Sukowaty, Alana Acker and Larry Fuchs. Dkt. No. 8 at 1. He alleges that he suffers from lumbar spondylosis and lumbar radiculopathy, conditions that cause constant physical and nerve pain. Id. at 2. Defendant Sukowaty, the plaintiff's primary care provider at Columbia, allegedly "has been directly aware of [the plaintiff's] condition but has denied

3

Case 2:23-cv-01694-PP   Filed 04/10/24   Page 3 of 10   Document 17

Plaintiff treatment due to combat condition; understanding if left untreated would cause further injury." Id.

The plaintiff alleges that Sukowaty referred him to a specialist after admitting she did not have expertise in treating the plaintiff's condition. Id. The specialist allegedly recommended Lyrica, a medication approved by the Department of Corrections for nerve pain, but Sukowaty disregarded that recommendation. Id. at 2-3. The plaintiff states that Sukowaty instead left him on "OTC medication[.]" Id. at 3. Sukowaty's decision not to follow the specialist's treatment plan allegedly has allowed the plaintiff's condition to worsen, causing unnecessary and preventable pain. Id. The plaintiff claims that Sukowaty's actions violate his constitutional rights and amount to Wisconsin state law claims of negligence and medical malpractice. Id.

The plaintiff alleges that he has utilized the "Inmate Complaint System" on multiple occasions but has been met with "an unmovable force." Id. He states that Sukowaty "is at fault since December 6, 2022, through now, then further until following specialist plan of treatment; as this [is] an ongoing condition." Id. The plaintiff states that "every day is a constant struggle; being left in pain that sometimes prevents [him] from getting out of bed." Id. at 4.

The plaintiff alleges that Sukowaty has violated Wis. Admin. Code §MED 10.03(1)(d) "by employing illegal or unethical business practices of retaliating against plaintiff for utilizing his first amendment right of petitioning to the government for a redress of grievances." Id. He also asserts that she has violated §MED 10.03(1)(e) "knowingly, negligently or recklessly making false

statements written or oral in practice of medicine and surgery which creates an unacceptable risk of harm to patient, the public or both. When altering plaintiff medical record; false reasoning to cover decisions of malpractice. Aided by [defendant] HSUM Alana Acker aiding in the hinderance of plaintiff gaining relief." Id.

The plaintiff alleges that Columbia's health services unit (HSU) manager, presumably defendant Acker, also has shown deliberate indifference by allowing erroneous abuse of discretion committing malpractice and negligence." Id. He states that Acker has allowed, aided and committed false swearing, misconduct in a public office, perjury along with failure to warn by knowingly allowing inadequate medical treatment for a serious medical need. Id.

Defendant Sukowaty allegedly "shows retaliation by removing Plaintiff's medication; which were deemed ineffective multiple times by recommendations from Dr. Mackenzie, leaving the plaintiff with no effective replacement." Id. at 4-5. The plaintiff states, "[d]efendant(s) claims were per specialist recommendation, but in the same instance disregards specialist recommended Lyrica[.]" Id. at 5.

The plaintiff alleges that he "also raise[s] claims of deliberate indifference by [defendant] Larry Fuchs who was made aware of prior retaliation but failed to act/warn against this act, showing misconduct in public office along with 1st Amendment violations for Plaintiff's right to redress grievances." Id.

For relief, the plaintiff seeks compensatory and punitive damages as well as injunctive relief. Id. at 6.

C. <u>Analysis</u>

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. <u>Cesal v. Moats</u>, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." <u>Id.</u> at 721 (quoting <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Id.</u> (quoting <u>King v. Kramer</u>, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the individual's health. <u>Id.</u> (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-38 (1994); <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005).

The plaintiff may proceed on an Eighth Amendment claim against defendant Sukowaty in her individual capacity based on allegations that she did not follow the specialist's treatment recommendation for the plaintiff's nerve pain, resulting in unnecessary pain and the worsening of his condition. <u>See</u> <u>Perez</u>, 792 F.3d at 777 (citing <u>Arnett v. Webster</u>, 658 F.3d 742, 753 (7th Cir. 2011)). At this stage, the plaintiff also may proceed on an Eighth Amendment claim against defendant HSU manager Acker in her individual

6

capacity based on allegations that she knew about the ongoing failure to provide the plaintiff with the specialist-recommended medication but did not do anything.

The plaintiff may proceed on medical malpractice claims against defendants Sukowaty and Acker. The court will exercise supplemental jurisdiction over these state law claims. See 28 U.S.C. §1367(a).

To plead a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)). The plaintiff appears to allege that defendant Sukowaty did not follow the specialist's treatment recommendation because the plaintiff had filed administrative grievances. But he has not stated a plausible retaliation claim because he has not alleged that his protected activity (filing the grievances) was a motivating factor behind Sukowaty's conduct. See Iqbal, 556 U.S. at 678. The plaintiff has not explained why he thought Sukowaty's conduct was retaliatory. He also has not stated a retaliation claim against Fuchs for failing to act on Sukowaty's alleged retaliation. See Dorsey v. Williams, No. 21-1858, 2022 WL 337192, at *1 (7th Cir. Feb. 4, 2022) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

7

The court will dismiss defendant Fuchs because the plaintiff has not stated any claim against him.

### III. Plaintiff's Motion for Preliminary Injunction (Dkt. No. 7)

The plaintiff has filed a motion for preliminary injunction in which he asks the court to enjoin defendant Sukowaty from not following pain specialist Dr. Mackenie's recommendations regarding the plaintiff's lumbar spondylosis and lumbar radiculopathy. Dkt. No. 7 at 1. The plaintiff states that "unless restrained defendant [Sukowaty] will immediately, with malfeasance, and remove plaintiff from pain specialist Sena P. Mackenzie's care and continue to disregard plaintiff serious medical needs." Id. at 3. The court will order the defendants to respond to the plaintiff's motion.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that defendant Larry Fuchs is **DISMISSED**.

The court **ORDERS** that the defendants must respond to the plaintiff's motion for preliminary injunction by the end of the day on **April 26, 2024**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Laura C. Sukowaty and Alana Acker. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$347.34** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Columbia Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 9thday of April, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**