UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRED LEE DAVENPORT,

      Plaintiff,

v.             Case No. 23-cv-1694-pp

LAURA C. SUKOWATY, *et al.*,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 7), DENYING AS MOOT PLAINTIFF'S MOTION TO EXPEDITE DECISION (DKT. NO. 14) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO STAY PROCEEDINGS TO FILE INTERLOCUTORY APPEAL ON INJUNCTIVE RELIEF (DKT. NO. 16)**

  Plaintiff Fred Lee Davenport, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on (1) an Eighth Amendment claim against defendant Dr. Laura Sukowaty based on allegations that she did not follow the specialist's treatment recommendation for the plaintiff's nerve pain, resulting in unnecessary pain and the worsening of his condition; (2) an Eighth Amendment claim against HSU manager Alana Acker based on allegations that she knew about the ongoing failure to provide the plaintiff with the specialist-recommended medication but did not do anything; and (3) state law medical malpractice claims against the defendants. Dkt. No. 17 at 6-7. This order addresses the plaintiff's motion for preliminary

1

injunction, dkt. no. 7, motion to expedite decision, dkt. no. 14, and motion to stay proceedings and leave to file interlocutory appeal, dkt. no. 16.

**I.      Motion for Preliminary Injunction (Dkt. No. 7)**

In his motion for preliminary injunction, the plaintiff asks the court to enjoin defendant Sukowaty from not following pain specialist Dr. Mackenie's recommendations regarding the plaintiff's lumbar spondylosis and lumbar radiculopathy. Dkt. No. 7 at 1. The plaintiff states that "unless restrained defendant [Sukowaty] will immediately, with malfeasance, and [sic] remove plaintiff from pain specialist Sean P. Mackenzie's care and continue to disregard plaintiff serious medical needs." Id. at 3. The plaintiff states that his condition, commonly known as sciatica, causes pain and that Sukowaty "chooses to prescribe OTC medications; Tylenol, Celebrex, Diclofenac Gel, or Amitriptyline and Duloxetine; which is commonly used to treat depression, and sometimes chronic pain (as opposed to neuropathic pain)." Id. According to the plaintiff, Mackenzie recommended Pregabalin (Lyrica) for the plaintiff's condition, but Sukowaty has not approved that medication and his reasons for not approving are not valid. Id.

The defendants oppose the plaintiff's motion and contend that the evidence demonstrates that not only is Sukowaty not interfering with Mackenzie's treatment of the plaintiff, but that the plaintiff currently is rescribed pregabalin. Dkt. No. 20 at 1. According to the defendants, the plaintiff has not demonstrated a likelihood of success on the merits because while Sukowaty did not immediately follow Mackenzie's recommendation that

the plaintiff be prescribed pregabalin, that decision reflected her informed clinical judgment. Id. at 4. The defendants state that the evidence shows Sukowaty, as the plaintiff's Advanced Care Provider, provided him with appropriate medical care based on her training, expertise, familiarity with plaintiff's medical history and agency policy and that her decision not to prescribe the plaintiff pregabalin immediately upon Mackenzie's recommendation was a consideration based on the plaintiff's treatment history and his history of substance abuse. Id. They also state that Sukowaty was familiar with the plaintiff's access to alternative pain management, including epidural injections, formulary medications and physical therapy. Id.

The plaintiff filed a reply in which he states that because the defendants oppose his motion, there seems to be a genuine dispute of material fact that can be decided only with a hearing. Dkt. No. 22 at ¶2. He states that he disputes having "any relevant history of drug use that would cause concern of any current provider." Id. at ¶3. According to the plaintiff, from January 18, 2024 through April 2, 2024, he was left on over-the-counter medication which Mackenzie and Sukowaty both deemed ineffective. Id. at ¶6. The plaintiff also states that Sukowaty has not followed all Mackenzie's recommendations such as the plaintiff receiving a "medical mattress" and "medical pillow." Id. at ¶5.]

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To

3

obtain a preliminary injunction, a plaintiff must show that (1) he has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) he will likely suffer irreparable harm in the absence of preliminary relief. Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." Mays, 974 F.3d at 818 (citing Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." Mays, 974 F.3d at 818 (citing Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001)).

Because the plaintiff is incarcerated, the scope of the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted).

4

Case 2:23-cv-01694-PP   Filed 06/17/24   Page 4 of 7   Document 25

The plaintiff has not shown that he has a likelihood of prevailing on the merits. A claim of deliberate indifference under the Eighth Amendment cannot succeed simply because other medical providers reached a different conclusion about what treatment to provide plaintiff. Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). The record shows that Sukowaty, the plaintiff's advanced care practitioner, has provided the plaintiff with ongoing treatment for his lumbar radiculopathy (sciatica) and lumbar spondylosis, just not the treatment he wanted right away—the Pregabalin medication. Dkt. No. 21 at ¶¶29-57. On March 28, 2024, however, Sukowaty asked that the plaintiff be placed on Pregabalin, the request was approved the same day and the plaintiff started on the medication on April 2, 2024. Id. Because the plaintiff currently is prescribed Pregabalin, his request for injunctive relief is primarily moot. For that reason, and because the plaintiff has failed to demonstrate a likelihood of prevailing on the merits, the court will deny the plaintiff's motion for preliminary injunction.

## II. Plaintiff's Motion to Expedite Decision (Dkt. No. 14) and Motion to Stay Proceedings and Leave to File Interlocutory Appeal on Injunctive Relief (Dkt. No. 16)

On March 25, 2024, the plaintiff filed a motion to expedite the decision on his motion for preliminary injunction. Dkt. No. 14. This order addresses the plaintiff's motion for preliminary injunction and the court will deny as moot the motion to expedite.

On April 8, 2024, the plaintiff filed a motion to stay proceedings and leave to file an interlocutory appeal on injunctive relief. Dkt. No. 16. The

plaintiff states that the court has taken too long to resolve his motion for preliminary injunction, and he wants the court of appeals to consider the motion. Id. The plaintiff filed his motion for preliminary injunction on January 8, 2024. Dkt. No. 7. About three weeks later, he filed an amended complaint. Dkt. No. 8. About two and a half months after he filed the amended complaint, the court screened it and ordered the defendants to respond to the plaintiff's motion for preliminary injunction by April 26, 2024, which they did. Dkt. No. 17. On May 8, 2024, the court received the plaintiff's reply in which he contends that the court should hold a hearing on his motion. Dkt. No. 22. The court regrets the length of time it took to screen the amended complaint; the court could have resolved his motion for preliminary injunction sooner if it had screened his amended complaint more quickly. This order, however, addresses the plaintiff's motion for preliminary injunction and, as explained above, denies it. The court will deny the plaintiff's motion to stay proceedings and for leave to file interlocutory appeal.[1]

**III.    Conclusion**

The court **DENIES** the plaintiff's motion for preliminary injunction. Dkt. No. 7.

The court **DENIES AS MOOT** the plaintiff's motion to expedite decision. Dkt. No. 14.

---

[1] The plaintiff has not asked to file an appeal from an interlocutory order of this court. See 28 U.S.C. §1292(a)(1). Rather, he wants the court of appeals to address his motion for preliminary injunction in the first instance.

The court **DENIES** the plaintiff's motion to stay and leave to file an interlocutory appeal on injunctive relief. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 17th day of June, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**