UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRED LEE DAVENPORT,

                Plaintiff,

v.                                            Case No. 23-cv-1694-pp

LAURA C. SUKOWATY
and ALANA ACKER,

                Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 27)**

---

      Plaintiff Fred Lee Davenport, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The court screened the complaint and, in an order dated April 10, 2024, allowed the plaintiff to proceed on (1) an Eighth Amendment claim against defendant Dr. Laura Sukowaty based on allegations that she did not follow the specialist's treatment recommendation for the plaintiff's nerve pain, resulting in unnecessary pain and the worsening of his condition; (2) an Eighth Amendment claim against HSU manager Alana Acker based on allegations that she knew about the ongoing failure to provide the plaintiff with the specialist-recommended medication but did not do anything; and (3) state law medical malpractice claims against the defendants. Dkt. No. 17 at 6-7. The defendants filed their answer on June 7, 2024, dkt. no. 24, and on June 17, 2024, the

1

court issued a scheduling order, dkt. no. 26. Two weeks later, the court received from the plaintiff this motion to appoint counsel. Dkt. No. 27.

The plaintiff states that his case is factually and legally complex because it involves a delay of medical care and malpractice. Id. at ¶¶1, 5. He states that it would probably be necessary to present a medical expert witness or to cross-examine medical witnesses. Id. The plaintiff also asserts that he does not have the ability to investigate the facts because he is in administrative confinement. Id. at ¶2. He wrote, "conflicting testimony"—the court assumes that he means that parties may present conflicting testimony at a trial, should the case get that far. Id. at ¶3. He further states that he lacks legal training. Id. at ¶4. The plaintiff states that he contacted three law firms but has not been able to find a lawyer on his own. Id. at ¶7.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case,

Case 2:23-cv-01694-PP   Filed 07/18/24   Page 2 of 5   Document 28

does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. The plaintiff has satisfied the requirement that he try to find a lawyer on his own.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering,

3

preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff gave the court copies of three letters from different lawyers, each rejecting his request for representation. Dkt. No. 27-1. The court concludes that he has demonstrated that he made a reasonable attempt to find counsel on his own—this satisfies the first prong.

But the plaintiff has not demonstrated that, at this very early stage of the case, he is not capable of representing himself. The plaintiff recently has filed several cases that are pending before this court. His filings in this case appropriately cite to case law and demonstrate that he capable of representing himself at this stage. Based on the plaintiff's filings, he is intelligent, capable of advocating for himself and communicates well with the court. These filings show that the plaintiff can conduct discovery and, if the defendants file one, respond to a motion for summary judgment. Regarding the complexity of the plaintiff's claims, the complaints he has filed in this case and his motion for preliminary injunction show that he has sufficient knowledge of his medical condition and the defendants' alleged treatment decisions to allow him to

litigate this case through the summary judgment stage. If the plaintiff needs more time to complete discovery or respond to a motion for summary judgment, he may file a motion for extension of time. The court will deny without prejudice the plaintiff's motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 27.

Dated in Milwaukee, Wisconsin this 18th day of July, 2024.

                        **BY THE COURT:**

                        **HON. PAMELA PEPPER**
                        **Chief United States District Judge**