UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRED LEE DAVENPORT,

                     Plaintiff,

v.                                           Case No. 23-cv-1694-pp

LAURA C. SUKOWATY and ALANA ACKER,

                     Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND MOTION TO STAY PROCEEDINGS (DKT. NO. 45), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 46), DENYING PLAINTIFF'S MOTION FOR ORDER FOR ACCESS TO LAW LIBRARY AND DISCOVERY (DKT. NO. 46) AND SETTING NEW DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Fred Lee Davenport, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on (1) an Eighth Amendment claim against defendant Dr. Laura Sukowaty based on allegations that she did not follow the specialist's treatment recommendation for the plaintiff's nerve pain, resulting in unnecessary pain and the worsening of his condition; (2) an Eighth Amendment claim against HSU manager Alana Acker based on allegations that she knew about the ongoing failure to provide the plaintiff with the specialist-recommended medication but did not do anything; and (3) state law medical malpractice claims against the defendants. Dkt. No. 17 at 6-7. This order addresses the plaintiff's motion for sanctions and

1

to stay court proceedings, dkt. no. 45, and his motion for extension and access to law library and discovery, dkt. no. 46.

I. **Motion for Sanctions and to Stay Proceedings (Dkt. No. 45)**

On December 13, 2024, the defendants filed a motion for summary judgment. Dkt. No. 31. The court granted the plaintiff's three motions for extension of time to respond to the defendants' summary judgment motion, dkt. nos. 40, 42, 44; his most recent response deadline was April 28, 2025, dkt. no. 44.

On April 15, 2025, the court received from the plaintiff a motion for sanctions and to stay court proceedings under Federal Rule of Civil Procedure 11. Dkt. No. 45. The plaintiff states that he wants the court to impose sanctions on the defendants for including forged documents to support their motion for summary judgment. Id. at 1. The plaintiff attached to his motion a document titled Refusal of Recommended Health Care (DOC-3220) which purports to show that on September 19, 2024, the plaintiff refused his "Pregabalin AM dose" and commented "that shit don't work." Dkt. No. 45-1 at 1. The form includes a space for "Patient Signature" and appears to contain the signature of someone other than the plaintiff. Id. The plaintiff states that he has a unique and easily identifiable signature, and that the defendants deliberately included this document signed by someone else but stated that it pertains to the plaintiff. Dkt. No. 45 at 2. The plaintiff states that based on the defendants' actions, the court should enter default judgment or at least rule in the plaintiff's favor on the defendants' motion for summary judgment. Id. The

2

plaintiff states that defendant Acker committed perjury when she swore to the authenticity of this document. Id. at 3.

The defendants respond that the court must deny the plaintiff's motion for sanctions because the medical record was not falsified and its contents are accurate. Dkt. No. 49 at 1. The defendants explain that the plaintiff correctly states that the signature is not his—the signature belongs to Correctional Officer Dylan Laack. Id. at 2. According to the defendants,

> as Acker explains in her second declaration, the signature by Correctional Officer Laack was simply misplaced, while the contents of the DOC-3220 are consistent with her contemporaneous medical notes. As Defendant Acker notes, inmates can refuse to sign the DOC-3220. (Acker Second Decl. ¶ 16.) If they do so, the record is then signed by the nurse dispensing the medication and a second staff witness. (Acker Second Decl. ¶ 8.) In this case, Nurse Acker signed the witness signature line. (Acker Second Decl. ¶ 9.) However, Correctional Officer Laack inadvertently signed in the "Patient Signature" line instead of under the second witness signature line. (Acker Second Decl. ¶ 16.) Correctional Officer Laack's placement of his signature was an error that Defendant Acker did not notice at the time. (Acker Second Decl. ¶¶ 18-19.) However, the fact that Plaintiff refused his medication is reflected in the contemporaneous sick note entered by Defendant Acker. (Acker Second Decl. ¶ 9, Ex. 1009 at 2.)

Dkt. No. 49 at 2.

The defendants have established that they did not falsify the record. The court will deny the plaintiff's motion for sanctions and to stay court proceedings.

## II. Motion for Extension and for Order (Dkt. No. 46)

On the same day that the court received the plaintiff's motion for sanctions and to stay proceedings, the court received from the plaintiff a motion for an extension of time and for access to the law library and discovery.

3

Dkt. No. 46. The plaintiff states that he did not receive a March 27, 2025 "NEF" (notice of electronic filing) from the court until April 1, 2025. Id. at 1. The plaintiff also states that he has had trouble getting officers to sign declarations and that some of them have said they don't know if they can do that. Id. The plaintiff states that the litigation coordinator has lied to him multiple times about coming to see him and hasn't provided him access to discovery in months. Id. He also says that he has experienced missing documents in this case multiple times. Id. at 2. The plaintiff says that he has requested multiple time extensions in this case and that he has offered his frequent observation placements to justify his requests for extension of time. Id. He says he does not know if what he has described will count as extraordinary circumstances to warrant another extension of time to respond to the defendants' summary judgment motion. Id. He says that he believes that he is navigating summary judgment well, but he believes that his "suicidal ideology" may require more extensions of time. Id. The plaintiff asks the court to issue an order regarding the issues detailed in his motion so that he can complete his response to the defendants' motion for summary judgment. Id.

The defendants respond that the court must deny the plaintiff's motion for access to the law library and digital discovery because the plaintiff has had access to the law library and there is no digital discovery in this case. Dkt. No. 49 at 3. They state that all discovery has been produced and mailed to the plaintiff. Id. at 2-3. The defendants assert that the court should deny the plaintiff's motion for extension of time because he has had ample opportunities

4

to visit the law library and complete his response to the defendants' motion for summary judgment. Id.

It appears that the plaintiff has experienced delays at his institution in receiving NEFs from the court. It does not appear that the defendants are responsible for these delays. The defendants assert that the plaintiff has had multiple opportunities to visit the law library, and they state that they have sent all discovery to the plaintiff. The plaintiff has not shown why the court should issue an order regarding his access to the law library or receipt of court documents. Unfortunately, delays in the prison setting are common and the court generally is open to giving unrepresented, incarcerated litigants as much time as they think they need to respond to a motion for summary judgment. There are limits, however, and the court will not grant extensions indefinitely. The court will give the plaintiff *one final* extension of time to respond to the defendants' summary judgment motion. But the court warns the plaintiff that he must file his response by the deadline set below; if he does not, the court will resolve the defendants' summary judgment motion without considering a response from the plaintiff.

### III. Conclusion

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 45.

The court **DENIES** the plaintiff's motion to stay proceedings. Dkt. No. 45.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 46.

The court **ORDERS** that the plaintiff must respond to the defendants' motion for summary judgment by the end of the day on **August 8, 2025**. The plaintiff must send his response in time for the court to *receive* it by the end of the day on August 8, 2025. If the court does not receive the plaintiff's response by the stated deadline, the court will treat the defendants' motion for summary judgment as unopposed and decide it without input from the plaintiff.

The court **DENIES** the plaintiff's motion for order to access to law library and discovery. Dkt. No. 46.

Dated in Milwaukee, Wisconsin this 8th day of July, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
